<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ROSE ELVIRA RODRIGUEZ MORENO,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN,[1] *in his official capacity as U.S. Secretary of Homeland Security*, TODD LYONS, *in his official capacity as the Senior Official Performing Duties of the Director of Immigration and Customs Enforcement*, and LADEON FRANCIS, *in his official capacity as Acting Field Officer Director of the New York Field Office of U.S. Immigration and Customs Enforcement*,<br><br>Respondents. | Case No. 2:26-cv-1975 (BRM)<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Rose Elvira Rodriguez Moreno's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing her detention under 8 U.S.C. § 1231(a) violates her constitutional rights. (ECF No. 1.) Respondents filed a letter answer (ECF No. 14), and Petitioner replied (ECF No. 15). Having reviewed the submissions filed in connection with the Petition and having declined to hold oral argument pursuant to Federal Rule

---

[1] Defendant Markwayne Mullin, the current U.S. Secretary of Homeland Security, is substituted for Kristi Noem as the proper defendant in this matter. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . .").

of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the Petition is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Petitioner, a citizen of El Salvador, entered the United States without inspection in 2004. (ECF No. 1 at 5.) Petitioner was initially encountered on June 15, 2004, when her van was stopped by Willacy County Deputy in Hidalgo, Texas. (ECF No. 14 at 1.) Petitioner was processed as a Notice to Appear ("NTA") and was placed in removal proceedings. (*Id.*) In January 2005, Petitioner was ordered removed in absentia by an immigration judge. (*Id.*; ECF No. 1 at 1.) Petitioner failed to depart the United States. (ECF No. 1 at 1.)

Petitioner has lived in the United States since 2004 and is the mother to three U.S. citizen children. (*Id.*) In 2018, Petitioner married a U.S. citizen. (*Id.*) On December 7, 2020, Petitioner petitioned U.S. Citizenship and Immigration Services ("USCIS") under the Violence Against Women Act ("VAWA") for classification as an abused spouse of a U.S. citizen by a Form I-360. (*Id.*) On either December 29, 2023, or January 2, 2024, the Form I-360 was approved. (*See id.* at 1-2; *see also* ECF No. 14 at 2.)

Following the grant of her Form 1-360, Petitioner filed a motion to reopen her immigration proceedings. (ECF No. 14 at 2.) The immigration judge ("IJ") denied her motion to reopen on December 4, 2024. (*See* ECF No. 14-2.)

On February 19, 2026, Petitioner was arrested on an I-205 Warrant of Removal. (ECF No. 14 at 3.) Petitioner has been detained since pursuant to 8 U.S.C. § 1231. (*Id.*)

On February 20, 2026, Petitioner filed the instant Petition in the United States District Court for the Southern District of New York. (ECF No. 1.) On February 25, 2026, the parties entered a stipulation and order of transfer of venue to this Court. (ECF No. 9.) In her Petition,

Petitioner argues her arrest violated the Fourth Amendment, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA"), as it was a warrantless arrest. (*See generally* ECF No. 1.) Respondents filed a response on March 12, 2026. (ECF No. 14.) On March 26, 2026, Petitioner replied. (ECF No. 15.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.  DISCUSSION

In her Petition, Petitioner argues her warrantless arrest violated the Fourth Amendment, the INA, and the APA. (ECF No. 1 at 7–9.)

### A.  Final Order of Removal

Petitioner is subject to a final order of removal, 8 U.S.C. § 1231, which governs her detention. Petitioner argues even with a final order of removal, her approved VAWA petition provides her protection from removal.

As explained, in January 2005, Petitioner was ordered removed in absentia by an immigration judge. (ECF No. 14 at 1; ECF No. 1 at 1.) Petitioner's in absentia removal order is,

3

by statute, a final order of removal. *See* 8 U.S.C. § 1229a(b)(5); *Matter of Guzman*, 22 I. & N. Dec. 722, 722-23 (BIA 1999). Petitioner has been subject to a final order of removal since that time. Although Petitioner's VAWA petition was granted, the IJ denied her subsequent motion to reopen her immigration proceedings on December 4, 2024. (*See* ECF No. 14 at 2; ECF No. 14-2.)

In denying her motion to reopen, the IJ found Petitioner had been served with the NTA in 2004, as the certificate of service in the NTA contains Petitioner's signature and fingerprint. (ECF No. 14-2 at 1.) The NTA contained Petitioner's December 16, 2004 hearing information. (*Id.*) As such, the IJ found Petitioner had not shown that her failure to appear at the hearing was the result of insufficient notice. (*Id.* at 2.) The IJ noted Petitioner had filed the motion to reopen under 8 U.S.C. § 1229a(c)(7)(C)(iv) as a battered spouse. (*Id.*) However, the IJ found that Petitioner failed to attach a I-360 petition or an application for cancellation of removal. (*Id.*) The IJ also explained that a motion to reopen must be filed within one year of the entry of a final order of removal. (*Id.*) "This time limitation may be waived as a matter of discretion, however, in cases where a noncitizen demonstrates extraordinary circumstances or extreme hardship to the noncitizen's child." (*Id.* (citing INA § 240(c)(7)(C)(iv)(III)).) The IJ found that Petitioner had not shown extraordinary circumstances and that her "negative immigration history and lack of diligence in pursuing her rights before the [immigration court] for nearly [twenty] years outweigh the positive factors present in her case." (*Id.*)

Although Petitioner argues that the grant of her VAWA petition prevents her removal, the notice granting her petition indicates that "the approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status." (ECF No. 15-2.)

4

As the IJ denied Petitioner's motion to reopen her immigration proceedings, she is still subject to a final order of removal pursuant to 8 U.S.C. § 1231(a). Section 1231(a) states in relevant part that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001), § 1231(a)(1)(A). The government may also extend the removal period if the alien "fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). Critically, during that 90-day period, the statute directs that "the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added).

"If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). The government, however, may continue to detain certain categories of aliens, including those "inadmissible" under 8 U.S.C. § 1182. *See* 8 U.S.C. § 1231(a)(6); *see also* 8 C.F.R. § 241.4 (setting out requirements for periodic custody reviews after the 90-day removal period has expired). Continued detention is often referred to as the "post-removal-period." *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021).

Here, Petitioner was detained on February 19, 2026, less than ninety days ago. Based on the clear language of § 1231(a) and the final removal order, the Attorney General is legally required to detain petitioner until her removal, which is to occur within 90 days. *See* 8 U.S.C. § 1231(a). Under § 1232(a)(1)(C) the removal period "shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent" her removal. 8 U.S.C. § 1231(a)(1)(C). As Petitioner

was ordered removed in absentia and prevented her own removal, the 90-day removal period did not expire 90 days after the final order of removal was issued. As such, Petitioner is still detained under the 90-day mandatory detention period. 8 U.S.C. § 1231(a)(2)(A).

Even assuming, *arguendo*, that the 90-day removal period was triggered when Petitioner filed her VAWA petition and Respondents were aware of Petitioner's whereabouts and chose not to detain her, her detention still falls within the *Zadvydas* six-month presumptively reasonable period. Whether Petitioner's continued detention under § 1231 comports with the Fifth Amendment is governed by *Zadvydas*, 533 U.S. at 701, which held that the INA's post-removal-period detention provision contains an implicit reasonableness limitation of six months, after which a noncitizen may not continue to be detained if "there is no significant likelihood of removal in the reasonably foreseeable future." Here, even if the Court found the 90-day removal period had expired in 2024, Petitioner has now only been detained since February 19, 2026, or just over 60 days. The length of Petitioner's detention is not presumptively unreasonable, and she is denied relief on any *Zadvydas* claim.

### B. Fourth Amendment, INA, and APA

In her Petition, Petitioner argues that Respondents violated the Fourth Amendment, INA, and APA, when she was allegedly arrested without warrant. (*See generally* ECF No. 1; ECF No. 15 at 5-6.) Respondents contend that Petitioner was arrested pursuant to an arrest warrant and have attached said warrant. (ECF No. 14 at 3; ECF No. 14-3.)

Petitioner's Record of Deportable/Inadmissible Alien I-213 Form indicates that on February 19, 2026, at approximately 10:30 a.m., officers ran Petitioner's license plate, which showed the registered owner was Petitioner, a citizen of El Salvador with a final order of removal. (ECF No. 14-1 at 2.) Officers conducted a vehicle stop and Petitioner ultimately acknowledged

that she had a final order of removal. (*Id.*) Petitioner was placed under arrest at 11:23 a.m. pursuant to the I-205 Warrant of Removal. (*Id.*; ECF No. 14-3.) Although Petitioner argues that she was detained without reasonable suspicion, the I-213 Form indicates that the officers' running of Petitioner's plates provided them with the information that the vehicle was registered in Petitioner's name and that she was subject to a final order of removal. From the record before the Court, the officers were aware Petitioner had an order of final removal and arrested her following receipt of a warrant.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED WITHOUT PREJUDICE**. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  April 27, 2026